IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. WR-74,603-03






ANDRES HERRERA, Relator


v.


HON. MARK STOLTZ, JUDGE OF THE 265th DISTRICT COURT, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS


CAUSE NO. F08-11091-R
 

FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Relator has filed a motion for leave to file an application for a writ of mandamus pursuant
to the original jurisdiction of this Court. In it, he contends that he filed notice of appeal from the
265th District Court of Dallas County's denial of his motion for post-conviction DNA testing under
Chapter 64 of the Texas Code of Criminal Procedure, but that the notice of appeal and the appellate
record have not been forwarded to the court of appeals. 

 On March 28, 2012, this Court held in abeyance and ordered the Dallas County District Clerk
to respond by stating whether Relators's notice of appeal from the denial of DNA testing under
Chapter 64 had been received and filed, and if so, why the appellate record had not been forwarded
to the court of appeals as required by Rule 35.2(a) of the Texas Rules of Appellate Procedure. On
April 23, 2012, this Court received a response from the Dallas County District Clerk, stating that the
notice of appeal had been received and timely filed. However, the Dallas County District Clerk
states that Rule 35.3(a) of the Texas Rules of Appellate Procedure stipulates that the clerk may file
the appellate record in criminal cases only if the trial court has certified the defendant's right of
appeal. Under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, the trial court is required
to enter a certification of the defendant's right of appeal each time it enters an appealable order in
a criminal case. In this case, the Dallas County District Clerk states that no certification of Relator's
right to appeal from the denial of Chapter 64 DNA testing has been filed.

 Before deciding whether to grant Relator leave to file his petition, we believe the respondent,
the Judge of the 265th District Court of Dallas County, should have the opportunity to respond. The
Court specifically seeks a response regarding the applicability of Rule 25.2(a)(2) of the Texas Rules
of Appellate Procedure to appeals from denial of post-conviction DNA testing under Chapter 64.
Therefore, within 30 days of the date of this order, the Judge of the 265th District Court of Dallas
County shall file a response in this Court. This application for leave to file a writ of mandamus will
be held in abeyance until the respondent has submitted a response.

 


Filed: May 23, 2012

Do not publish